[No. 19968.   Department Two.   August 25, 1926.]

STATE OF WASHINGTON, *on the Relation of W. H. Peter, Appellant,* v. THOMAS GEISNESS *et al., Respondents.*[1]

[1] MUNICIPAL CORPORATIONS (60)—OFFICERS (20)—TERM OF OFFICER HOLDING OVER—RIGHT TO APPOINT SUCCESSOR. The failure of the city commissioners of a city of the third class, acting under a commission form of government, to at once appoint a police judge, and permitting the incumbent to hold over, is not an indirect reappointment and does not preclude the commissioners from appointing another police judge nine months later; in view of Rem. Comp. Stat., § 9013, fixing no time for the appointment, and Id. § 9101, providing for the appointment at the commission's first meeting "or as soon as practical thereafter."

Appeal from a judgment of the superior court for Clallam county, Ralston, J., entered December 14, 1925, in favor of the defendants, upon sustaining a demurrer to the petition, in an action in the nature of *quo warranto.*  Affirmed.

*F. J. Lordan* and *W. J. Conniff,* for appellant.

*T. F. Trumbull* and *Lewis & Church,* for respondents.

TOLMAN, C. J.—This is a proceeding in the nature of *quo warranto* instituted by appellant, as relator, for the purpose of reinstating himself in the office of police judge of the city of Port Angeles and the recovery of damages from the respondent Geisness, who, he alleges, is unlawfully usurping that office.  The trial court struck certain paragraphs from the amended information and thereafter sustained a demurrer to the information; relator elected to stand upon his amended information and a judgment of dismissal followed, from which he appeals.

¹Reported in 248 Pac. 421.

The amended information alleges that appellant is a citizen of the state and of the United States, a resident, taxpayer and duly qualified elector of the city of Port Angeles, which is a municipal corporation of the third class operating under the commission form of government, and that the police court of that city is a duly established and functioning inferior court of the state. It is further alleged that appellant was, on January 12, 1921, duly appointed police judge of Port Angeles for the term ending on the third Monday of December, 1924; that he was confirmed and qualified and held the office and performed its duties until September 30, 1925; that respondents, Hedrick, Christopher and Hallahan became the duly elected and qualified mayor and commissioners of the city of Port Angeles on the third Monday of December, 1924, for the term ending on the third Monday of December, 1927; that respondent Hedrick, soon after assuming the duties of the office of mayor and commissioner, presented to the commission of his city his nominations for appointment to the offices which he was empowered by law to fill, but presented no direct nomination for the office of police judge, although cognizant that appellant was then legally holding over as police judge; that the mayor and commissioners knowingly permitted appellant to hold over in said office for more than nine months, being fully aware that appellant was performing the duties of said office and regularly approving the monthly payrolls upon which his name appeared and receiving and officially acting upon his regular monthly reports covering his activities in the office of police judge. Then follow the two paragraphs stricken by the trial court, which are:

"7

"That on to wit, the 30th day of September, 1925, said relator, W. H. Peter, was the legally appointed,

qualified and acting police judge of the said city of Port Angeles, for a term of office expiring on, to wit, the third Monday in December, 1927.

"8

"That on, to wit, the 29th day of September, 1925, the said mayor W. B. Hedrick, in a statement to the public press, was quoted as having admitted that on the 28th day of September, 1925, in the city jail of said city of Port Angeles, in the presence of said relator, W. H. Peter, the then duly appointed qualified and acting police judge of said city, while others were also present, he made the following statement:

" 'If gamblers and bootleggers are going to run this town then I'm going to appoint a new police judge.' "

It is then alleged that on the 30th day of September, 1925, at a regular meeting of the city commissioners, such action was taken as is indicated by the following, quoted from the official written minutes of such meeting:

" 'On account of statements entered by W. H. Peter in his own office on the police court docket, which were false in every particular, and on account of his activities in stirring up litigation against the city; the mayor removed him from office and appointed Thomas Geisness as police judge, and asked that the commission approve the appointment.

" 'The appointment was confirmed by the unanimous vote of the commission.' "

It is further alleged that no charges had been filed against appellant by anyone alleging any malfeasance or misfeasance in office; that appellant had no opportunity, and was given no opportunity, to defend himself against the matters referred to in the official minutes; that thereafter on the same day he was given official notice that he had been removed from the office of police judge and that respondent Geisness had been appointed to that office and duly confirmed; and that he was notified and required to turn over to Geisness

the records pertaining to the office, which upon demand he did, but that, at the time of so delivering the records of the office to respondent Geisness, he was neither informed nor advised that he had been unlawfully removed, nor as to his legal rights in the premises. It is charged that respondent Geisness thereupon on the first day of October, 1925, usurped the office and has since continued unlawfully to hold and exercise the functions of the same, and the demand is that Geisness surrender up the office and the effects thereof to appellant; that he be reinstated therein and that he recover damages of fifty dollars per month from the first day of October, 1925, being the official salary of the office, from the respondent Geisness.

The view which we take of what we regard as the principal question involved renders it unnecessary to discuss the action of the trial court in striking from the amended information. Clearly, under any view, the first paragraph stricken was a conclusion; and the second, upon the theory which we think must control, is wholly immaterial.

[1] It seems to be appellant's contention that the holding over, by and with the consent of the mayor and commissioners, constitutes an indirect reappointment for an additional three-year term, or at least by their acquiescence the mayor and commissioners are estopped to deny appellant's title to the office during that time; but we think no such presumption can be indulged in; rather, to the contrary if presumptions are to prevail, it must be presumed that the city officials did their duty and appointed appellant's successor as and when the proper time therefor arrived.

There seems to be some confusion in the statutes and a dispute as to which statute applies. Appellant contends that a city of the third class, operating under a

commission form of government, is governed by the statutes applicable to cities of the second class (Rem. Comp. Stat., § 9093) [P. C. § 900], and therefore that Rem. Comp. Stat., § 9013 [P. C. § 721], applies here; while respondents point out that § 9013 was enacted in 1907 and was superseded by Rem. Comp. Stat., § 9083 [P. C. § 780], enacted in 1913, providing for the election of police judges in cities of the second class, and also by Rem. Comp. Stat., § 9101 [P. C. § 908], enacted in 1911, providing for appointment by a majority vote of the commissioners. But however that may be, and without determining whether the appointment should be by the mayor and confirmed by the commission, or by a majority vote of the commission; and disregarding the removal power lodged in the commission by the statute last cited,—we think there has been no reappointment, direct or indirect, under either statute. Rem. Comp. Stat., § 9013 [P. C. § 721], fixes no time within which the mayor shall appoint, and Rem. Comp. Stat., § 9101 [P. C. § 908], provides:

"The commission shall, at said first meeting, or as soon as practicable thereafter appoint . . ." etc., and the amended information lacks any allegation that it ever was practicable for the commission to appoint appellant's successor before September 30, 1925. As hereinbefore intimated, instead of the presumption being that appellant was indirectly reappointed on some theory of ratification or estoppel, the presumption must be, and is, that the office was duly and legally filled in a timely manner by the appointment of respondent Geisness on September 30, 1925. That the official minutes show an order of removal, is wholly immaterial, as no removal was necessary, and that order was a mere gesture to be treated as surplusage.

There are other reasons, perhaps equally as good,

why the demurrer should have been sustained, but the conclusion we have reached makes it unnecessary to discuss them.

The judgment is affirmed.

ASKREN, MACKINTOSH, MITCHELL, and PARKER, JJ., concur.