JOHN P. NOLLETTE, as *Judge of the Spokane County District Court, Appellant,* v. GAIL CHRISTIANSON, ET AL, *Respondents,* THE CITY OF SPOKANE, *Intervenor.*

*Mary E. Schultz, P.S.,* for appellant (counsel for appeal only).

*Donald C. Brockett, Prosecuting Attorney,* and *Robert B. Binger, Deputy,* for respondent Wrenn.

*James C. Sloane, City Attorney,* and *Michael A. Nelson, Assistant,* for intervenor.

DURHAM, J.—Spokane County District Court Judge John P. Nollette brought a declaratory judgment action requesting an interpretation of Spokane County Code (SCC) 1.16-.050 and Spokane Municipal Code (SMC) 5.01.010. He

contends that the eight Spokane County District Court judges are a municipal department and that he should be allowed to serve as a Spokane Municipal Court judge, even though he has not been so appointed by the mayor of Spokane. The trial court denied the requested declaratory relief. We affirm.

I

John P. Nollette was appointed to be a Spokane County District Court judge in April 1982. Shortly thereafter, the mayor of the City of Spokane appointed Nollette to be a judge of the City of Spokane Municipal Court, and he was assigned municipal cases. In the fall of 1982, Nollette ran for election as Spokane County District Court judge and was elected to a first term commencing in January 1983. Nollette continued to hear municipal cases as a Spokane Municipal Court judge.

In the fall of 1986, Nollette ran unopposed for re-election to a second term as Spokane County District Court judge. He continued to hear Spokane Municipal Court cases as a judge pro tempore, in the absence of appointment, until sometime prior to August 1987. Nollette subsequently refused to hear municipal cases as a judge pro tempore.

On January 26, 1987, during the regular session of the Spokane City Council, the mayor of the City of Spokane recommended to the City Council that four of the eight Spokane County District Court judges be appointed to the position of Spokane Municipal Court judges for 1987. The City Council duly approved the appointments of Christine Cary, Daniel T. Maggs, John J. Madden, and Richard F. Wrenn to the Spokane Municipal Court for 1987. In addition, the City Council authorized any district court judge of the State of Washington to serve in the Spokane Municipal Court as a judge pro tempore at the discretion of the presiding judge of the Spokane County District Court.

Following the approval of the appointments, City Attorney James C. Sloane forwarded a letter to the presiding judge of the Spokane County District Court informing him

of the four appointments and that these appointments superseded any previous appointments that may have been made.

In August 1987, Judge Wrenn became presiding judge of Spokane County District Court. Based upon the fact that the City declined to appoint Nollette to the position of Spokane Municipal Court judge, and Nollette's refusal to hear municipal cases as judge pro tempore, Judge Wrenn terminated assignment of Spokane Municipal Court cases to Nollette and the three other Spokane County District Court judges who were not appointed to the position of Spokane Municipal Court judges.

On February 9, 1988, Nollette petitioned the Spokane County Superior Court for writ of mandamus directing Spokane County District Court Administrator Gail Christianson and Judge Wrenn, on behalf of the presiding department and on behalf of all future presiding judges of the Spokane County District Court, from removing him from the position of Spokane Municipal Court judge, and additionally mandating that he be assigned to hear cases as a Spokane Municipal Court judge.

The City of Spokane filed a motion to intervene as a party respondent, which was granted on March 7, 1988. On March 9, 1988, Christianson filed a motion for an order of dismissal on the grounds that the District Court Administrator's office, which has administrative control for case setting, subject to the supervision of the presiding judge, did not remove Nollette from the position of Spokane Municipal Court judge, and has no duty enforceable by mandate to assign Nollette to hear cases as a Spokane Municipal Court judge. The motion was granted.

On April 4, 1988, pursuant to stipulation between the parties, Nollette amended his application for a writ of mandate to include a prayer for declaratory judgment pursuant to RCW 7.24, as an alternative argument to the mandamus action.

The procedural posture of this case at trial presented the court with two actions in the alternative. Nollette requested

the Superior Court to issue a writ of mandate to the presiding judge of the Spokane County District Court ordering that he be assigned municipal cases as a Spokane Municipal Court judge. However, in the event the court determined that a writ of mandate was inappropriate, Nollette requested the court to enter declaratory judgment interpreting SCC 1.16.050 and SMC 5.01.010, that the eight Spokane County District Court judges are a municipal department, and that he be allowed to serve as Spokane Municipal Court judge.

On February 7, 1989, after oral argument, the Superior Court issued its written findings and order denying both declaratory and mandamus relief. On March 1, 1989, Nollette filed notice of appeal in the Court of Appeals seeking review of the Superior Court's decision.

On March 13, 1990, pursuant to RCW 2.06.030(d), the Court of Appeals certified the case to this court. We are asked to decide if the trial court erred in denying declaratory relief.[1]

II

Under the Uniform Declaratory Judgments Act, RCW 7.24, courts of record are authorized to "declare rights, status and other legal relations". RCW 7.24.010; *Williams v. Poulsbo Rural Tel. Ass'n*, 87 Wn.2d 636, 643, 555 P.2d 1173 (1976). Accordingly, a person whose rights are affected by, *inter alia*, a statute or municipal ordinance may obtain a declaration of rights thereunder. RCW 7.24.020; *see also State ex rel. Lyon v. Board of Cy. Comm'rs*, 31 Wn.2d 366, 373, 196 P.2d 997 (1948).

In applying the Uniform Declaratory Judgments Act, we have firmly maintained that, absent issues of major public importance, a justiciable controversy must exist before a court's jurisdiction may be invoked under the act. *DiNino v. State ex rel. Gorton*, 102 Wn.2d 327, 330, 684

---

[1]Although Nollette also appealed the Superior Court's order denying mandamus relief and extensively briefed the issue, he abandoned this claim at oral argument without explanation.

P.2d 1297 (1984). For purposes of declaratory relief, a justiciable controversy is:

> (1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.

*Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973). In this case, the parties make no argument that a justiciable controversy is lacking, and we do not find any such deficiency. Accordingly, we proceed to the merits.

We commence our discussion by delineating the appropriate standard of review. In declaratory judgment actions, appellate review may ensue in two situations. First, under the Uniform Declaratory Judgments Act, trial courts have discretion to determine whether to entertain a declaratory judgment action. Accordingly, an appellate court may be called upon to determine whether the trial court erroneously exercised its discretion either to consider or refuse to consider such an action. Second, in cases in which a court decides the declaratory judgment action on its merits, an appellate court may be called upon to determine the propriety of the lower court's grant or denial of declaratory relief.

In the present case, the Superior Court proceeded to the merits and denied the requested declaratory relief. This court's prior decisions have not announced the appropriate standard of review in this situation. The Uniform Declaratory Judgments Act indicates only that "[a]ll orders, judgments and decrees under this chapter may be reviewed as other orders, judgments and decrees." RCW 7.24.070. In commenting on this particular section of the act, one scholar has noted that this provision "is designed to make clear that no special appellate procedure is involved and that the ordinary periods and rules apply to an appeal from

a declaratory judgment." E. Borchard, *Declaratory Judgments* 253 (2d ed. 1941).

 Accordingly, in the context of appellate review of a trial court's denial of the requested declaratory relief, the trial court findings of fact which are supported by substantial evidence will not be disturbed on appeal. *Cf. Burba v. Vancouver,* 113 Wn.2d 800, 807, 783 P.2d 1056 (1989). Conclusions of law involving the interpretation of statutes and municipal ordinances, however, are reviewed de novo. *See Spokane Cy. v. Glover,* 2 Wn.2d 162, 97 P.2d 628 (1940). *Cf. Everett Concrete Prods., Inc. v. Department of Labor & Indus.,* 109 Wn.2d 819, 823, 748 P.2d 1112 (1988).

## III

The fundamental question in this case is whether Nollette, as an elected Spokane County District Court judge, a fortiori has jurisdiction to act in the capacity of a Spokane Municipal Court judge, or whether such jurisdiction is dependent upon mayoral appointment. The Superior Court concluded that Nollette was without jurisdiction to act in the capacity of a Spokane Municipal Court judge. The court's findings and order states:

### FINDINGS

1. That the Petitioner, John P. Nollette, was re–elected as a Spokane County District Court Judge for the four year term commencing the second Monday of January, 1987.

2. That the Petitioner had been previously appointed by the Mayor of the City of Spokane to sit as a Spokane Municipal Court Judge, but was not reappointed for his four year term commencing the second Monday of January, 1987.

3. That the term of office of an appointed Municipal Judge is coextensive with the elected term of District Court Judge, as provided by RCW 3.46.080.

4. That to sit as a Municipal Judge, appointments by the Mayor must be made from the judges of the District Court for every four year term, notwithstanding prior appointments.

5. That the Honorable John P. Nollette is without jurisdiction to act in the capacity of a Spokane Municipal Court Judge since he was not appointed by the Mayor of the City of Spokane for the current term.

6. That this matter, not being an appropriate action for a writ of mandamus, is governed by the Uniform Declaratory Judgments Act, RCW 7.24.

ORDER

It is the Order of the Court that the petition for a writ of mandamus be denied.

It is further the Order of the Court that the Petitioner's request for declaratory relief be denied.

Nollette now argues that the Superior Court's decision should be reversed and that this court should grant him the requested declaratory relief. We disagree and affirm the Superior Court.

Our analysis is divided into three sections. First, to provide a proper context for this dispute, we trace the legislative evolution of the Spokane County District Court and the Spokane Municipal Court. Second, we review SCC 1.16.050 and SMC 5.01.010 to determine whether mayoral appointment is necessary for a Spokane County District Court judge to act in the capacity of a Spokane Municipal Court judge. Finally, we address Nollette's arguments that he was improperly removed from the position of Spokane Municipal Court judge; that the City of Spokane delegated its power to appoint municipal judges to the County; and that mayoral appointment violates the doctrine of separation of powers.

In 1961, the Washington State Legislature enacted the justice court act.[2] Laws of 1961, ch. 299, p. 2425. Pursuant to this act, each county was to establish a district court districting committee. These committees were to prepare a plan for the districting of the county into one or more court districts. Laws of 1961, ch. 299, §§ 25–30.

In December 1961, pursuant to section 38 of the justice court act, the City of Spokane submitted a petition to the Spokane County Commissioners to initiate the establishment of the Spokane Municipal Court as a municipal department of the Spokane County Justice Court.

---

[2]The Court Improvement Act of 1984 converted justices of the peace into the district court system. Laws of 1984, ch. 258, p. 1293. Accordingly, justices of the peace are now referred to as district court judges, and justice courts are referred to as district courts. RCW 3.30.015.

In 1962, pursuant to the justice court act, the Spokane County Board of Commissioners adopted the Justice Court Districting Plan for the County of Spokane (Districting Plan).[3] The Districting Plan created four justice court districts: the Spokane District, the Cheney District, the Deer Park District, and the Millwood District. The Districting Plan also provided for four full–time justices of the peace for the Spokane District and one part–time justice of the peace for each of the other three districts. In addition, the Districting Plan designated one of the justice courts in the Spokane District as a municipal department and designated that the justice of the peace of that court function as a part–time municipal or police judge.

In 1970, the Districting Plan was amended.[4] The amendment increased the number of full–time justices in the Spokane District from four to five. In addition, the amendment provided that all five of the justice courts in the Spokane District were a municipal department and that the justices of these courts would function as part–time municipal or police judges.

In 1978, it was determined by the legislative bodies of Spokane County and the Cities of Spokane, Millwood, Deer Park, and Cheney that the respective municipal courts would be operated as municipal departments of the Spokane County District Court, as authorized by RCW 3.46. Accordingly, the Districting Plan was amended.[5] This amendment consolidated the four existing justice court districts into one district which encompassed Spokane County. In addition, the amendment increased the number of full–time judges from five to eight, and amended SCC 1.16.050 to provide that "[a]ll of the eight justices of the peace in the Spokane District are designated by this plan as a

[3]Spokane County Resolution 62–169.

[4]Spokane County Resolution 70–234.

[5]Spokane County Resolution 78–405.

municipal department, and the justices of the peace shall function as part time municipal or police judges."

In 1982, the City of Spokane and Spokane County entered into an agreement titled "1982 Spokane County Justice Court District Time and Salary Allocation Agreement" (Agreement). The Agreement stated that the County, "for an agreed upon compensation to be paid by the City", would provide the necessary judges' services (the equivalent "of two full time judges on a year around basis") for the operation of the Spokane Municipal Court. Specifically, the Agreement provided that:

> Judges shall be provided for the two Spokane Municipal Divisions on a rotating basis from those District Court Judges assigned by the District Court Presiding Judge. When sitting as Spokane Municipal Court Judges, the assigned judges shall hear all charges of violations of any Spokane City Ordinance brought before them.

In 1983, the agreement between the City and the County was amended to increase the amount of annual judges' services for the Spokane Municipal Court to two and one-half judges full time.[6]

In sum, at present the record indicates that the Spokane Municipal Court operates as a department of the Spokane County District Court. Pursuant to an agreement, the City of Spokane purchases the requisite judges' services for the operation of the Spokane Municipal Court, measured in increments of annual full-time judges, from Spokane County.

Turning to the second area of concern, we review SCC 1.16.050 and SMC 5.01.010 to determine whether mayoral appointment is necessary for a Spokane County District Court judge to act in the capacity of a Spokane Municipal Court judge. Although Nollette was neither elected nor appointed to the position of Spokane Municipal Court judge, he seeks a declaration that the eight Spokane County District Court judges constitute a single municipal

---

[6]Spokane County Resolution 83-0655.

department in which all district court judges have jurisdiction to hear Spokane Municipal Court cases.

Nollette is correct in stating that the Spokane Municipal Court is a department within the Spokane County District Court. Two provisions of the city code are relevant. SMC 5.01.010 provides that:

> The Spokane municipal court, by virtue of the resolution of the city council of December 26, 1961, has been established as a department of the Spokane County district court established by Resolution Nos. 62–169 and 70–234 of the board of county commissioners of Spokane County, as amended by Resolution No. 78–465.

In addition, SMC 5.01.030 provides that "[t]he Spokane municipal court shall operate as a department of the Spokane County district court under Chapter 3.46 RCW".

The relevant County code provision is SCC 1.16.050, which provides:

> All of the eight justices of the peace in the Spokane District are designated by this plan as a municipal department, and the justices of the peace shall function as *part–time municipal or police judges.*
> The time and salary of each of these justices of the peace shall be allocated between municipal business and state/county business as the board of county commissioners of Spokane County and respective political subdivisions may hereinafter agree to in writing.

(Italics ours.) Nollette argues that this provision accords Spokane Municipal Court jurisdiction upon all eight Spokane County District Court judges. SCC 1.16.050, however, expressly states that the Spokane County District Court judges shall serve as *part–time municipal judges.* The importance of the classification as part–time municipal judges is found in RCW 3.46.060, which states:

> In district court districts having more than one judge, appointment of part time municipal judges shall be made from the judges of the district by the mayor in such manner as the city legislative body shall determine.

This provision is controlling because, as indicated *supra,* the Spokane Municipal Court operates under RCW 3.46. SMC 5.01.030.

In addition, the city code provision regarding municipal judges expressly provides that:

> The mayor, with the approval of the [city] council, may appoint any or all of the Spokane County district court judges as municipal judge, any such appointment to be effective so long as the individual holds the office of district court judge or until the appointment be revoked in like manner.

SMC 5.02.010.

Consequently, under the statutory scheme, SCC 1.16.050 establishes the relevant pool of judges who are eligible to serve as part–time municipal court judges. RCW 3.46.060, however, provides the mechanism for the City to select the part–time municipal court judges from the eligible pool. Accordingly, we reject Nollette's argument that all Spokane County District Court judges have de facto jurisdiction to act in the capacity of Spokane Municipal Court judges. Such a declaration would be facially at odds with the statutory provision providing for the appointment of part–time municipal judges and at odds with the city code provision providing for appointment of municipal judges.

Nollette, however, also argues that under RCW 3.66.010, as a district court judge, he is authorized to sit as a municipal court judge. That statute provides, in relevant part, that:

> The justices of the peace elected in accordance with chapters 3.30 through 3.74 RCW are *authorized to hold court as judges of the district court* for the trial of all actions enumerated in chapters 3.30 through 3.74 RCW or *assigned to the district court* by law; to hear, try, and determine the same according to the law, and for that purpose *where no special provision is otherwise made by law,* such court shall be vested with all the necessary powers which are possessed by courts of record in this state . . .

(Italics ours.) RCW 3.66.010.

Although Nollette cites no authority for his interpretation of RCW 3.66.010, we find that such an interpretation is inconsistent with the express wording of the statute. In addition, as a matter of policy, we find that such an interpretation is impractical.

A fair and sensible reading of RCW 3.66.010 reveals that Nollette's position is not well reasoned. First, the plain wording of RCW 3.66.010 states that district court judges are authorized to hold district court. The statute does not state that district court judges may hold court under any municipal provision, as Nollette argues. Second, the statute states that special provisions may impact jurisdiction. RCW 3.46 is one of those provisions. The Spokane Municipal Court is organized under RCW 3.46, which provides that the municipal judges shall be appointed from the district court judges if they are part time, and shall be appointed or elected if they are full time. RCW 3.46.050, .060. The chapter further requires that if the judges are to be elected, only the voters of the city shall vote for municipal judges. RCW 3.46.070. Accordingly, Nollette's interpretation of RCW 3.66.010 is not only at odds with the express language of the statute, but such an interpretation would render RCW 3.46.050, .060, and .070 meaningless.

In addition, under Nollette's interpretation of RCW 3.66.010, every municipality would be required to allow every district court judge in the district to hear its municipal cases. Such a result, as a matter of policy, is neither practical nor reasonable.

We now consider Nollette's remaining arguments. Nollette argues (1) that he was improperly removed from the position of Spokane Municipal Court judge and (2) that the City of Spokane has delegated its power to appoint municipal court judges to the County.[7] We consider these arguments in order.

---

[7]Nollette also argues that mayoral appointment of municipal court judges violates the doctrine of separation of powers. Although Nollette does not phrase it so, the genuine argument here is whether RCW 3.46.050, which expressly provides for appointment of municipal judges, is constitutional. Because Nollette provides no analysis, argument, or authority regarding the constitutionality of RCW 3.46.050, we decline to reach this issue. *See Spokane v. Taxpayers,* 111 Wn.2d 91, 96, 758 P.2d 480 (1988); *Meyer v. UW,* 105 Wn.2d 847, 855, 719 P.2d 98 (1986).

Nollette argues that the City of Spokane attempted to revoke his position as a Spokane Municipal Court judge by failing to reappoint him. This argument is without merit.

■ The term of office for a municipal court judge is definite. RCW 3.46.080 provides that "[a] municipal judge shall serve in such capacity for his or her term as district judge". Accordingly, the term of office for a municipal court judge is 4 years. *See* RCW 3.34.070. There is no statutory authority for an automatic extension of the term, nor does the statute provide that a district court judge may, at his desire, continue to serve as a municipal court judge when re–elected to a subsequent term as district court judge.

As used in RCW 3.46.080, the word "term" reasonably refers only to the period of time set by statute and not the tenure of the individual. Thus, in Spokane County, when an individual is elected to another term as a Spokane County District Court judge, he must likewise be reappointed to continue acting in the additional position of Spokane Municipal Court judge. Accordingly, Nollette's position as a Spokane Municipal Court judge expired at the end of his first term as Spokane County District Court judge. *See State ex rel. Evans v. Superior Court,* 92 Wash. 375, 159 P. 84 (1916).

■ Nollette, however, appears to argue that because he heard municipal cases for 2 weeks after the commencement of his second term as a Spokane County District Court judge, he is entitled to the position of Spokane Municipal Court judge as a matter or right subject only to formal impeachment. The fact that a judge is a holdover, however, does not entitle him to the office. *State ex rel. Peter v. Geisness,* 140 Wash. 300, 248 P. 421 (1926).

In *Geisness,* Peter, a Port Angeles police judge, had been duly appointed to a term ending in December 1924. At the end of his term, however, no new appointment was given, neither to Peter nor anyone else, and he continued to act as a police judge with full knowledge of the newly elected mayor and city commission until September 30, 1925, a period of 9 months. In September, the City sought to

appoint Geisness as police judge, thereby replacing Peter. Peter brought an action for quo warranto alleging that he was being unlawfully deprived of the office of police judge for lack of impeachment proceedings, and that the City had waived its right to remove him by allowing him to continue as a holdover. The trial court ruled against Peter, and the Supreme Court affirmed. The court determined that holdover status does not constitute reappointment and another person may be appointed. The court stated:

> It seems to be appellant's contention that the holding over, by and with the consent of the mayor and commissioners, constitutes an indirect reappointment for an additional three–year term, or at least by their acquiescence the mayor and commissioners are estopped to deny appellant's title to the office during that time; but we think no such presumption can be indulged in; rather, to the contrary if presumptions are to prevail, it must be presumed that the city officials did their duty and appointed appellant's successor as and when the proper time therefor arrived.

*Geisness,* at 303.

In the present case, under the City code, reappointment to the position of Spokane Municipal Court judge is at the pleasure of the mayor, subject to approval of the City Council. SMC 5.02.010. The record, however, indicates that Nollette was not appointed to the position of Spokane Municipal Court judge for his second term as Spokane County District Court judge.

In sum, Nollette was not improperly removed from the position of Spokane Municipal Court judge. Rather, he was simply not reappointed. Accordingly, he is without jurisdiction to act in the capacity of Spokane Municipal Court judge.

■ Next, Nollette adumbrates that, by mutual agreement with Spokane County, the City of Spokane has delegated its authority to appoint municipal court judges. This argument is not convincing. As a matter of policy, no such delegation is permissible.

> Unless authorized by statute or charter, a municipal corporation, in its public character as an agent of the state, cannot surrender, by contract or otherwise, any of its legislative and

governmental functions and powers, including a partial surrender of such powers. The principle is fundamental and rests upon policies the soundness of which has never been seriously questioned.

(Footnotes omitted.) 2 E. Mcquillin, *Municipal Corporations* § 10.38 (3d rev. ed. 1988).

IV

We conclude, after reviewing the relevant statutes and municipal ordinances, that the Superior Court did not err in denying Nollette the requested declaratory relief. Accordingly, the Superior Court's decision is affirmed.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, and SMITH, JJ., concur.