# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| HEATHER J.E.L. BENEDICT, a single individual, | No. 54775-9-II consolidated with No. 55764-7-II |
| Appellant, | |
| v. | |
| JAMES A. MICKELSON, a single individual, | UNPUBLISHED OPINION |
| Respondent. | |
| KENYON E. LUCE, a married individual, LUCE & ASSOCIATES, P.S., a Washington State professional services corporation, | |
| Respondents Below. | |

VELJACIC, J. – This matter is one of several initiated by Heather Benedict concerning her deceased mother's, Leeanna Mickelson's, estate.[1]  In the current matter, Benedict appeals the trial court's CR 12(b)(6) dismissal of her declaratory judgment action to invalidate her parents' community property agreement (CPA) and the court's subsequent order denying her CR 60 motion

---

[1] *See Benedict v. Kitsap Bank*, No. 54483-1-II (currently pending before this court); *In re Estate of Mickelson*, No 80893-1-I (Wash. App. Ct. Apr. 19, 2021) (unpublished), http://www.courts.wa.gov/opinions/; *Mickelson v. McArthur*, No. 52485-6-II (Wash. App. Ct. June 9, 2020) (unpublished), http://www.courts.wa.gov/opinions/; *In re Estate of Mickelson*, No. 76955-3-I (Wash. Ct. App. Sept. 24, 2018) (unpublished), http://www.courts.wa.gov/opinions/; and *In re Estate of Mickelson*, No. 49056-1-II (Wash. Ct. App. Oct. 24, 2017) (unpublished), http://www.courts.wa.gov/opinions/.

to vacate the court's dismissal order. Benedict also appeals the court's award of attorney fees and costs as sanctions to Benedict's father, James Mickelson, based on CR 11 and RCW 4.84.185.

We affirm the trial court's order dismissing Benedict's declaratory judgment action, the court's order denying Benedict's motion to vacate the court's dismissal order, and the court's award of attorney fees and costs to James[2] as sanctions.

FACTS

Leeanna and James entered into a CPA[3] in 2011, which provided that if the surviving spouse survived the other by 30 days, then all of the decedent's property transferred to the surviving spouse. Leeanna died in May 2012. James survived her, as did the couple's four children, one of which is Benedict.

In May 2016, Benedict, acting pro se, filed a petition in Pierce County Superior Court seeking a determination that her mother died without a will. *In re Estate of Mickelson*, No 80893-1-I, slip op. at 2 (Wash. Ct. App. Apr. 19, 2021) (unpublished), http://www.courts.wa.gov/opinions/. James moved for dismissal. He did not dispute that there was no will but argued that Benedict's proceeding was unnecessary because James and Leeanna had executed a CPA in 2011, under which Leeanna's assets vested in James, as the surviving spouse, upon her death. *Id*. The trial court agreed with James that there was no legal basis for Benedict's petition and dismissed it. *Id*. This court affirmed the dismissal. *Id*. at 6.

---

[2] Leeanna and James Mickelson are referred to by their first names to avoid confusion. No disrespect is intended.

[3] A community property agreement is a "will substitute" that requires no court administration. *Wilkes v. O'Bryan*, 98 Wn. App. 411, 414-15, 989 P.2d 594 (1999).

Benedict, pro se, continued to file various petitions and motions in an attempt to inherit a portion of her mother's estate. Courts have consistently dismissed her actions and imposed sanctions for frivolous filings and vexatious litigation.

In 2018, Benedict filed the underlying declaratory judgment action, requesting a determination that the CPA between James and Leeanna was invalid or void. In March 2020, James filed a motion to dismiss under CR 12(b)(6) and a motion for sanctions under CR 11. James argued that Benedict had already raised the issue of the CPA's validity in four prior superior court cases, all of which were either dismissed or Benedict was dismissed as an improper party. In three of those cases, CR 11 sanctions were imposed against Benedict.

On April 1, 2020, Benedict presented an ex parte motion to compel arbitration and to strike James's CR 12(b)(6) motion to dismiss, which the trial court granted without a response from James. James filed a motion to vacate the arbitration order because it was not agreed upon by the parties as Benedict falsely alleged. The court granted his motion and vacated its April 1 order. A hearing on James's CR 12(b)(6) motion was scheduled for April 17, 2020.

On April 15, 2020, Benedict filed a motion to strike an allegedly late reply filed by James in support of his motion to dismiss. In her motion, Benedict stated that James's motion to dismiss was "noted [for] hearing [on] April 17, 2020 at 9:00 A.M." Clerk's Papers (CP) at 6. Benedict filed numerous declarations prior to the April 17 hearing.

Benedict was scheduled to appear via phone for the April 17 hearing. On the morning of the hearing, the trial court could not contact her. The transcript of the hearing shows that the court attempted to reach Benedict on the phone twice, but she did not answer. The court noted that Benedict confirmed that she would be appearing on the phone, but then was unreachable. It was later learned that there was a mix up with the court's phone lines.

3

On April 17, 2020, the trial court dismissed Benedict's declaratory judgment action because Benedict failed to provide a reason why the CPA should be set aside. The court also dismissed based on res judicata because the validity of the CPA had already been decided. The court referenced Benedict's multiple prior superior court actions, and this court's opinion in *In re Estate of Mickelson*, No. 49056-1-II, slip op. at 6 (Wash. Ct. App. Oct. 24, 2017) (unpublished), http://www.courts.wa.gov/opinions/. The court also imposed sanctions for vexatious litigation and filing a frivolous action under CR 11 and RCW 4.84.185. Sanctions were imposed as an award of attorney fees and costs to James. James's attorney argued that James had spent considerable funds defending against Benedict's multiple lawsuits, which essentially raised the same issues "over and over again." Report of Proceedings (RP) (Apr. 17, 2020) at 22.

Benedict appealed the trial court's order dismissing her motion for declaratory judgment. While her appeal was pending, Benedict filed a motion in superior court to vacate the trial court's April 17, 2020 order, arguing she was denied an opportunity to be heard due to the phone line mix up. On April 16, 2021, the superior court denied her motion to vacate and her subsequent motion for reconsideration, concluding the outcome of the hearing would not have been any different if Benedict had appeared. Benedict appealed these subsequent orders. This court consolidated the two matters.

## ANALYSIS

Benedict contends that she was denied due process because she was not afforded notice and an opportunity to be heard before the trial court dismissed her declaratory judgment action. She argues in the alternative that the Uniform Declaratory Judgment Act, chapter 7.24 RCW provided sufficient grounds to not dismiss her action. Lastly, Benedict contends that the trial court

erred in ordering attorney fees and costs as sanctions. We disagree with all of Benedict's contentions for the reasons set forth below.

As an initial matter, James argues that Benedict's appeal must be dismissed for failure to provide more than bare assertions to support her assignments of error and for failure to provide proper citation to the record and to relevant legal authority as required under RAP 10.3(a)(4) and (6).[4] We may decline to address issues in a brief if a party fails to comply with the briefing standards set forth in RAP 10.3. *See Goehle v. Fred Hutchinson Cancer Research Ctr.*, 100 Wn. App. 609, 620, 1 P.3d 579 (2000) (appellate court declined to address arguments where there was no assignment of error as required under RAP 10.3(g)). However, if the appellant attempts to comply with RAP 10.3 and their arguments are clear and the record is adequate, we may exercise our discretion and reach the merits of the appellant's arguments. *Id.* at 613-14. We exercise our discretion and reach Benedict's arguments.

I.      LEGAL PRINCIPLES

Courts may dismiss a complaint under CR 12(b)(6) for "failure to state a claim upon which relief can be granted." Dismissal is appropriate only if no set of facts consistent with the complaint would entitle the plaintiff to relief. *Jackson v. Quality Loan Serv. Corp. of Wash.*, 186 Wn. App. 838, 843, 347 P.3d 487 (2015). We review a trial court's decision to dismiss under CR 12(b)(6) de novo. *San Juan County v. No New Gas Tax*, 160 Wn.2d 141, 164, 157 P.3d 831 (2007).

---

[4] James also appears to argue that we should not consider certain clerk's papers in our record that Benedict cites to in her opening brief. But a commissioner of this court has already denied James's request that Benedict's brief be stricken for citing to these clerk's papers. James did not file a motion to modify the commissioner's ruling.

CR 60(b) allows a party to challenge a judgment for a number of reasons, including when the judgment is void. A judgment can be void when a party was denied due process. *In re Marriage of Ortiz*, 108 Wn.2d 643, 649, 740 P.2d 843 (1987). Generally, a decision to grant or deny a motion to vacate a judgment under CR 60(b) is within the trial court's sound discretion and will not be disturbed unless the trial court exercised its discretion on untenable grounds or for untenable reasons. *In re Marriage of Hughes*, 128 Wn. App. 650, 657, 116 P.3d 1042 (2005). However, courts have a mandatory, nondiscretionary duty to grant relief from void judgments. *Ahten v. Barnes*, 158 Wn. App. 343, 350, 242 P.3d 35 (2010). Therefore, we review de novo a trial court's decision to vacate a void judgment. *Id*.

CR 11 provides that all pleadings filed with a court constitute a certification by a party or its attorney that the pleading is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law. A trial court may impose sanctions for lack of compliance with CR 11. *Loc Thien Truong v. Allstate Prop. & Cas. Ins. Co*., 151 Wn. App. 195, 208, 211 P.3d 430 (2009).

In addition, RCW 4.84.185 allows a trial court to impose attorney fees and costs against a non-prevailing party in any civil action the court finds to be "frivolous and advanced without reasonable cause." A lawsuit is frivolous under RCW 4.84.185 "if, when considering the action in its entirety, it cannot be supported by any rational argument based in fact or law." *Diaz v. N. Star Trustee, LLC*, 16 Wn. App. 2d 341, 364, 481 P.3d 557, *review denied*, 198 Wn.2d 1002 (2021). "We review a trial court's ruling on a motion for CR 11 sanctions and for attorney fees under RCW 4.84.185 for abuse of discretion." *Id.*

6

II.     DUE PROCESS

Benedict contends that the trial court's April 17, 2020 order is void because she was not provided notice or an opportunity to be heard, which violated her due process rights. James responds that the issue of lack of notice is improperly raised for the first time on appeal. Generally, an issue not raised in the trial court may not be raised for the first time on appeal unless the claimed error is a manifest error affecting a constitutional right. RAP 2.5(a). While James is correct that Benedict's due process argument raised below focused on the alleged denial of her right to be heard and not notice, we exercise our discretion to reach the merits of her argument on appeal. *See In re Dependency of A.N.G.*, 12 Wn. App. 2d 789, 796, 459 P.3d 1099 (2020) (court reached due process argument raised for first time on appeal).

Due process of law requires adequate notice and an opportunity to be heard. *Olympic Forest Prod., Inc. v. Chaussee Corp.*, 82 Wn.2d 418, 422, 511 P.2d 1002 (1973). The reasonableness of the notice provided is determined by the totality of the circumstances. *Herring v. Texaco, Inc.*, 161 Wn.2d 189, 198, 165 P.3d 4 (2007). And a party's opportunity to be heard must be meaningful in time and manner. *In re Guardianship of Cornelius*, 181 Wn. App. 513, 530, 326 P.3d 718 (2014).

Here, Benedict filed a declaratory judgment action, requesting a declaration that the CPA between James and Leeanna was invalid or void. This was an issue that had been previously decided. *Mickelson*, No. 49056-1-II, slip op. at 6. In March 2020, James filed a CR 12(b)(6) motion to dismiss based on this fact. On April 1, 2020, Benedict presented an ex parte motion to compel arbitration and to strike James's CR 12(b)(6) motion to dismiss, which the trial court granted and then later vacated because Benedict falsely alleged that arbitration was agreed upon

by the parties. The trial court then scheduled a hearing on James's CR 12(b)(6) motion for April 17, 2020.

Based on the above, Benedict clearly had actual notice of the motion and hearing. Benedict had notice of the hearing as evidenced by her April 15, 2020 motion to strike the hearing on James's CR 12(b)(6) motion, which stated the matter was "noted [for] hearing [on] April 17, 2020 at 9:00 A.M." CP at 6. Additionally, given the subject matter of James's CR 12(b)(6) motion, a motion rooted in his assertion that Benedict had raised these same issues multiple times in the past, this actual notice was also adequate under the principles of due process. We are unpersuaded by Benedict's argument that she failed to receive adequate notice.

Benedict also argues that she did not have an opportunity to be heard. While there was allegedly a mix up with the phone lines for Benedict, she still does not show how she was denied an opportunity to be heard. First, she was provided an opportunity when the matter relating to the validity of the CPA was first decided in 2016. But more pointedly here, Benedict filed numerous pleadings. The right to be heard must be in meaningful manner. *Cornelius*, 181 Wn. App. at 530. The right can be satisfied by the filing of pleadings—it does not entitle a party to actually speak in court. *See id*. Benedict's assertion to the contrary is misplaced.

Considering the totality of the circumstances, Benedict had notice of James's CR 12(b)(6) motion hearing and was not denied an opportunity to be heard on the issue of whether her parents' CPA was valid. For this reason, we hold there was no due process violation.

III.     UNIFORM DECLARATORY JUDGMENT ACT (UDJA)

Benedict next argues that her declaratory judgment action should not have been dismissed under CR 12(b)(6). She asserts that the trial court erroneously required her to show she had a meritorious claim whereas the UDJA has no such requirement. We disagree.

8

The UDJA gives courts the authority "to declare rights, status and other legal relations whether or not further relief is or could be claimed." RCW 7.24.010. However, a claim for relief under the UDJA exists only if there is a "'justiciable controversy'" or if the dispute pertains to "'issues of major public importance.'" *League of Educ. Voters v. State*, 176 Wn.2d 808, 816, 295 P.3d 743 (2013) (quoting *Nollette v. Christianson*, 115 Wn.2d 594, 598, 800 P.2d 359 (1990)).

A justiciable controversy is:

(1) . . . an actual, present, and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) involving interests that are direct and substantial, rather than potential, theoretical, abstract, or academic, and (4) of which a judicial determination will be final and conclusive.

*Alim v. City of Seattle*, 14 Wn. App. 2d 838, 847, 474 P.3d 589 (2020).

Benedict appears to argue that a declaratory judgment action cannot be dismissed under CR 12(b)(6) for failure to state a claim upon which relief can be granted because under the UDJA an action can only be dismissed, regardless of its merit, if there is no justiciable controversy. Benedict asserts this means there is no ability to assess the viability of her claim through the civil rules; she argues "[a] meritorious claim is not required in order to allege a declaratory judgment claim." Appellant's Br. at 20. But a justiciable controversy under the UDJA requires, among other things, an "actual" dispute between parties with "genuine" interests. Such requirements clearly incorporate the concept of a meritorious claim.

Benedict would have us read the UDJA to exclude the civil rules, but such a reading is erroneous. In fact, the civil rules apply to all civil superior court matters. *In re Marriage of Pennamen*, 135 Wn. App. 790, 799, 146 P.3d 466 (2006). Benedict provides no authority to support her position that declaratory judgment actions cannot be dismissed based on CR 12(b)(6).

*See Ames v. Pierce County*, 194 Wn. App. 93, 99, 374 P.3d 228 (2016). Indeed, CR 12(b)(6) is the appropriate tool to challenge whether a party has pled a sufficiently *meritorious* justiciable controversy. In sum, we are unpersuaded by Benedict's argument that her UDJA claim cannot be dismissed if it lacks merit because she failed to assert a justiciable controversy.

IV. ATTORNEY FEES AND COSTS AS SANCTIONS

Benedict initially contends that it was improper for the trial court to impose sanctions because the court failed to cite any legal authority to support its imposition of sanctions. But our record shows differently. The trial court cited CR 11, for vexatious litigation, and RCW 4.84.185, for frivolous lawsuit, as the bases of its imposition of sanctions.

Benedict next contends that the trial court abused its discretion in imposing sanctions because her arguments were made in good faith. Benedict has filed numerous actions, in different superior courts, advancing the same argument over and over that her mother died intestate, her parents' CPA is void, and she should be a beneficiary to her mother's estate.

The current lawsuit is part of Benedict's pattern of vexatious and frivolous litigation activities designed to inherit her mother's estate even though her parents have a valid CPA. This basis supports sanctions under CR 11 and RCW 4.84.185. Therefore, we hold that the trial court did not abuse its discretion in imposing attorney fees and costs as sanctions under CR 11 and RCW 4.84.185.

CONCLUSION

We affirm the trial court's order dismissing Benedict's declaratory judgment action, the court's order denying Benedict's motion to vacate the court's dismissal order, and the court's award of attorney fees and costs to James as sanctions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljcic, J.

We concur:

Lee, P.J.

Price, J.