[Nos. 25316-3-III; 25317-1-III.   Division Three.   November 8, 2007.]

THE CITY OF SPOKANE, *Respondent*, v. LAWRENCE J. ROTHWELL, *Petitioner*.

THE CITY OF SPOKANE, *Respondent*, v. HENRY E. SMITH, *Petitioner*.

*Breean L. Beggs* (of *Center for Justice*), for petitioners.

*James Craven*, *City Attorney*, and *Michelle D. Szambelan*, *Assistant*, for respondent.

¶1 SWEENEY, C.J. — Spokane county voters elect district court judges. But those judges also preside over Spokane city municipal cases, with the judges sitting as "municipal court judges" by designation. This is despite the fact that state statute mandates that only city voters may select municipal judges. And all of the Spokane County district court judges are designated as part-time municipal judges despite another state statute that requires designation of municipal departments. We conclude, therefore, that the way in which the Spokane municipal judges are elected is contrary to state law. We therefore reverse these convictions.

## FACTS

¶2 The city of Spokane entered into an agreement (Interlocal Agreement) in 2004 with the county of Spokane for the county to provide municipal court services for the equivalent of 3.7 full-time judges and related services. The county district court is serviced by nine judges elected countywide. There are no elections for municipal judges per se. The "municipal department" is instead rotated among the district court judges based on a schedule. The parties suggest that the schedule is created by the district

court itself, but there is no information in this record one way or the other. The agreement ended by its terms on December 31, 2004. But, apparently, the city and the county continued to operate under the terms of the agreement, although this is also not clear from either the record or the briefs on file here.

¶3 The city of Spokane charged Henry Smith with driving under the influence, and Lawrence Rothwell with physical control of a motor vehicle under the influence under the Spokane Municipal Code in April 2005. Both cases were assigned to Judge Patti Walker. Judge Walker is a district court judge; her department is department no. 4. She was elected in 2002 in a countywide, not citywide, election.

¶4 Mr. Rothwell and Mr. Smith moved pretrial to dismiss for lack of jurisdiction. They argued that the Spokane municipal department was created in violation of state statute and was therefore an invalid entity. And Judge Walker had not been properly elected to the position of Spokane municipal court judge. Judge Walker denied both motions and concluded the court had jurisdiction in both cases. Mr. Rothwell and Mr. Smith were convicted as charged.

¶5 Both Mr. Rothwell and Mr. Smith appealed to superior court and again challenged the district court's authority to preside over city cases. The superior court (Judge Rebecca Baker) concluded that the statutory scheme (and particularly RCW 3.46.070[1]) was not violated as long as a majority of city voters voted for a particular district court candidate. Judge Baker also concluded that the statute has been complied with but for the fact that there was no designation of municipal positions on the ballot. Judge Baker stated that there is nothing of "real consequence"

---

[1] "In each district court district where an election is held for the position of municipal judge, the county auditor . . . shall designate the proper number of municipal judge positions . . . . Only voters of the city shall vote for municipal judges."

that is implicated by such an omission. Clerk's Papers at 12.

¶6 We accepted discretionary review.

## DISCUSSION

¶7 Mr. Rothwell and Mr. Smith contend that Judge Walker was not properly elected to the position of municipal court judge because she was elected in a countywide election of a district court seat rather than by city voters to a municipal court position, contrary to RCW 3.46.063(1) and RCW 3.46.070. They also argue that the municipal department of the district court was created and maintained in violation of the scheme set out in chapter 3.46 RCW. And it is not therefore a valid department. They argue that Judge Walker (and necessarily all other Spokane county municipal judges) must be elected solely by the residents of the city of Spokane and elected to specific municipal court departments, designated as such on the ballot.

¶8 Whether the city's approach to creating a municipal department of the Spokane County District Court and electing its judges complies with the state statutory scheme is a question of law. And so our review is de novo. *Enter. Leasing, Inc. v. City of Tacoma, Fin. Dep't*, 139 Wn.2d 546, 551-52, 988 P.2d 961 (1999). The city must strictly comply with the statutes and the statutory scheme we apply here because they implicate the franchise rights of the citizens of Spokane. *State v. Moore*, 73 Wn. App. 805, 813-14, 871 P.2d 1086 (1994). The city argues that substantial compliance is sufficient but cites no relevant authority for that proposition.

ELECTION

¶9 RCW 3.46.063(1) requires that each full-time equivalent judicial position be filled by election. The words "full-time equivalent" refers to hours per week of judicial time, so more than one person can fill a position. But all

must be elected. RCW 3.46.063(1). Any additional positions that equal one-half or more of a full-time position must also be filled by election. RCW 3.46.063(2). And only city voters may vote for municipal judges. RCW 3.46.070.

¶10 The designation of 3.7 full-time municipal judicial positions then triggers the requirement of RCW 3.46.063(1) that all municipal judges involved with serving that amount of time be elected. And they must be elected by city voters only, voters who are told that they are electing municipal judges. RCW 3.46.070. That was not done here. City of Spokane voters did not elect Judge Walker or any of the other judges designated to serve a term in the municipal department. That designation was made by some other administrative process, again unclear from this record. And the city does not assert otherwise. It contends instead that it substantially complied with the statute because city voters (also citizens of the county) voted for the district court judges and did so in roughly the same proportion as the county voters. The superior court agreed.

¶11 A municipal judge is separate and distinct from a district court judge. RCW 3.46.020, .030, .063, .070. RCW 3.46.070 is clear and unambiguous. Only city voters shall vote for municipal judges designated as such by the county auditor. We must read the statute literally. *See Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 708, 153 P.3d 846 , *cert. denied*, 128 S. Ct. 661 (2007); *see also Bruett v. Real Prop. Known as 18328 11th Ave. N.E.*, 93 Wn. App. 290, 301, 968 P.2d 913 (1998) (court cannot amend unambiguous statute by judicial construction). The city urges substantial compliance as the standard but again cites no meaningful authority for that proposition.

¶12 Judge Walker was not, then, elected to the position of municipal court judge by the citizens of Spokane and had no authority to preside over these trials. In light of this conclusion, we need not decide in this case whether the municipal department was created and maintained in violation of chapter 3.46 RCW.

De Facto Jurisdiction

¶13 The city argues nonetheless that Judge Walker had de facto authority to act as a judge even assuming that she was not properly elected. Mr. Smith and Mr. Rothwell respond that Judge Walker did not have de facto authority because she was not elected by city voters.

¶14 A judge may exercise the authority of an office if he or she is a de facto officer. That requires a showing that he or she holds an office, exercises its functions, and discharges the duties under some color of right. *Foisy v. Conroy*, 101 Wn. App. 36, 41, 4 P.3d 140 (2000). A de facto judge exercises " 'the duties of the judicial office under color of authority pursuant to an appointment or election thereto, and for the time being performs those duties with public acquiescence, though having no right in fact, because the judge's actual authority suffers from some procedural defect.' " *Cotton v. City of Elma*, 100 Wn. App. 685, 700, 998 P.2d 339 (2000) (quoting 46 Am. Jur. 2d *Judges* § 242 (1994)).

¶15 Here, Judge Walker was neither elected nor appointed by the citizens of the city of Spokane; therefore, she has no color of right and no de facto jurisdiction. In *Nollette v. Christianson*,[2] the court rejected the notion that all Spokane County district court judges had de facto jurisdiction to act in the capacity of Spokane municipal judges. *Nollette*, 115 Wn.2d at 605. *Nollette* held that without an appointment, no district court judge could act as a municipal court judge. *Id*. The statutes now require that municipal judges in Spokane be elected, but it follows from *Nollette* that without such an election, no district court judge has jurisdiction over municipal cases. RCW 3.46.063; *Nollette*, 115 Wn.2d at 605.

¶16 And here, the first Interlocal Agreement was expired so there was no attempt to create a municipal

---

[2] *Nollette v. Christianson*, 115 Wn.2d 594, 800 P.2d 359 (1990).

department. And more significantly, no municipal department was created in compliance with chapter 3.46 RCW.

## HOLDING

¶17 We conclude that Judge Walker did not hold color of right to the office of municipal court judge and was therefore without authority to preside over municipal proceedings and impose judgment. We therefore reverse the convictions.

SCHULTHEIS, J., concurs.

¶18 BROWN, J. (concurring in part and dissenting in part) — I agree that the manner for electing Spokane municipal judges is flawed and thus concur partly in the majority opinion. However, because I would hold the judges acted with de facto authority, I part company with the majority in reversing the convictions of Mr. Smith and Mr. Rothwell.

¶19 In *State v. Canady*, 116 Wn. 2d. 853, 856-57, 809 P.2d 203 (1991), the court discussed the difference between de facto offices and de facto judges. The *Canady* court noted the applicable rule is found in *Higgins v. Salewsky*, 17 Wn. App. 207, 212, 562 P.2d 655 (1977). Generally, a de jure office is a precondition for a de facto officer. But an exception exists where the office is created by a flawed legislative act or municipal ordinance " 'and the office is regarded as a de facto office until the act or ordinance is declared invalid.' " *Canady*, 116 Wn.2d at 857 (quoting *State ex rel. Farmer v. Edmonds Mun. Court*, 27 Wn. App. 762, 768, 621 P.2d 171 (1980)). Considering the 2004 interlocal agreement and the ordinance under the legislative scheme, an "official attempt was made to 'create' the 'office' in question by act or ordinance." *Id.* Therefore, I would apply the exception recognized in *Canady* and affirm the convictions.

¶20 Accordingly, I respectfully dissent in part.

Reconsideration denied January 17, 2008.

Review granted at 164 Wn.2d 1008 (2008).