[No. 81271-3.   En Banc.]
Argued May 21, 2009.     Decided September 3, 2009.

THE CITY OF SPOKANE, *Petitioner*, v. LAWRENCE J. ROTHWELL, *Respondent*.

THE CITY OF SPOKANE, *Petitioner*, v. HENRY E. SMITH, *Respondent*.

Howard F. Delaney, City Attorney, and Jim A. Bledsoe and Margaret K. Harrington, Assistants; and Charles K. Wiggins (of Wiggins & Masters, PLLC), for petitioner.

Breean L. Beggs (of Center for Justice), for respondents.

Timothy J. Donaldson on behalf of Washington State Association of Municipal Attorneys, amicus curiae.

¶1 J.M. JOHNSON, J. — The city of Spokane asks this court to reverse a Court of Appeals decision invalidating two municipal court convictions. The Court of Appeals reasoned that the district court judge who presided over the trials did not have jurisdiction because the election was not limited to city voters as provided by former RCW 3.46.070 (1984), *repealed by* LAWS OF 2008, ch. 227, § 12. The Court of Appeals also ruled that the judge did not have de facto jurisdiction. We hold that former RCW 3.46.070 did not apply to district court judges sitting as part time municipal judges in municipal departments and that therefore this judge had de jure jurisdiction. Accordingly, we reverse.

FACTS AND PROCEDURAL HISTORY

¶2 This case involves the interplay of several now-repealed statutes in Title 3 RCW, which authorizes Washington's system of district and municipal courts. Generally, a district court has jurisdiction of all violations of city ordinances. RCW 3.66.060. But under former chapter 3.46

RCW (1961), cities had the option of establishing a municipal court as a department of the district court. Former RCW 3.46.010 (1984), *repealed by* LAWS OF 2008, ch. 227, § 12. Where such a municipal department was established, it had exclusive jurisdiction of matters arising from ordinances of the city. Former RCW 3.46.030 (2005), *repealed by* LAWS OF 2008, ch. 227, § 12.

¶3 Spokane Municipal Court had been organized as a municipal department of the Spokane County District Court pursuant to former chapter 3.46 RCW.[1] *See* former SPOKANE MUNICIPAL CODE 5.01.010, .030 (repealed 2008); *Nollette v. Christianson*, 115 Wn.2d 594, 602-03, 800 P.2d 359 (1990) (surveying the history of that department). The city of Spokane (City) and Spokane County (County) had a long-standing agreement that municipal court judges would be provided on a rotating basis from among the district court judges. *See Nollette,* 115 Wn.2d at 602-03. Since at least 2002, the County had designated all the district court judges collectively as the "municipal department." *See* SPOKANE MUNICIPAL CODE § 1.16.050, *cited in Nollette,* 115 Wn.2d at 602-03.

¶4 In 2002, all nine Spokane County District Court judicial positions were filled by election. Voters from the entire county were allowed to vote for each office. The ballot did not disclose that the district court judges would also be serving as part time municipal court judges. Judge Walker ran for position four on the district court, and she was elected by voters from the entire county.

¶5 Subsequently, Henry Smith and Lawrence Rothwell were both charged with crimes under the Spokane Municipal Code. At the time, the district court was allocating 3.7 full time equivalent hours of district court judge time to the municipal department, including some of Judge Walker's

---

[1] A more detailed history of the Spokane Municipal Court was set out in *Nollette v. Christianson*, 115 Wn.2d 594, 601-03, 800 P.2d 359 (1990). The city of Spokane subsequently shut down its municipal department for a period of time. *Cf. City of Spokane v. Spokane County*, 158 Wn.2d 661, 146 P.3d 893 (2006).

time.[2] Both cases were assigned to Judge Walker. Defendants filed pretrial motions to dismiss, challenging Judge Walker's jurisdiction. Judge Walker denied both motions. In 2005, both men were convicted and appealed to Spokane County Superior Court, which considered the cases together and affirmed.

¶6 Defendants moved for discretionary review in Division Three of the Court of Appeals, which granted review and consolidated the cases. In *City of Spokane v. Rothwell*, 141 Wn. App. 680, 170 P.3d 1205 (2007), a divided panel reversed. The majority held that Judge Walker was not properly elected to the position of municipal court judge and did not possess de facto authority, and reversed defendants' convictions. *Id.* at 686-87. The dissenting judge would have held that Judge Walker had de facto authority. *Id.* at 687 (Brown, J., dissenting in part).

## STANDARD OF REVIEW

¶7 Conclusions of law involving the interpretation of statutes and municipal ordinances are reviewed de novo. *Nollette*, 115 Wn.2d at 600.

## ANALYSIS

¶8 We must determine whether Judge Walker had jurisdiction over the defendants' cases under statutes governing municipal departments. Construction of a statute is a question of law. *State v. Wentz*, 149 Wn.2d 342, 346, 68 P.3d 282 (2003). Our objective is to determine legislative intent. *State v. Jacobs*, 154 Wn.2d 596, 600-01, 115 P.3d 281 (2005). Where the language of a statute is clear, legislative intent is derived from the language of the statute alone. *Wentz*, 149 Wn.2d at 346. The "plain meaning" of a statutory provision is to be discerned from the ordinary meaning

---

[2] This number was established in a formal agreement for 2004, and apparently the City and County continued to operate under the same terms after 2004 by mutual consent.

of the language at issue, as well as from the context of the statute in which that provision is found, the related provisions, and the statutory scheme as a whole. *Jacobs*, 154 Wn.2d at 600.

¶9 Statutes must be construed so that all the language is given effect and no portion is rendered meaningless or superfluous. *Kilian v. Atkinson*, 147 Wn.2d 16, 21, 50 P.3d 638 (2002). The court must also avoid constructions that yield unlikely, absurd, or strained consequences. *Id.* Courts may not read into a statute matters that are not in it. *Id.* We do not favor repeal by implication, and where potentially conflicting acts can be harmonized, we construe each to maintain the integrity of the other. *Anderson v. Dep't of Corr.*, 159 Wn.2d 849, 858-59, 154 P.3d 220 (2007). But where the conflict is irreconcilable, a more recent statute takes priority over an older statute. *Id.* at 861.

¶10 From its inception, the statutory scheme governing municipal departments provided specific procedures by which they could be staffed with judges. The City could appoint or elect its own full time municipal judges. *See* former RCW 3.46.050 (1984), *repealed by* LAWS OF 2008, ch. 227, § 12. The statute did not limit who was eligible to be appointed or elected, but only city voters could vote for municipal judges. *See* former RCW 3.46.070 (setting forth procedures "where an election is held for the position of municipal judge"). Alternately, the municipal court could be staffed with part time judges—but the pool of potential judges was limited and the procedure was different: "appointment of part time municipal judges shall be made from the judges of the district by the mayor in such manner as the city legislative body shall determine." Former RCW 3.46.060 (1984), *repealed by* LAWS OF 2008, ch. 227, § 12.

¶11 The County chose to staff its municipal court entirely by the second option. *See Nollette*, 115 Wn.2d at 602 (noting 1978 districting plan provided that all of the justices of the district court would function as part time municipal judges). In *Nollette*, we held that a duly elected district court judge could obtain the office of municipal

court judge only through the procedures prescribed by statute—at the time, appointment by the mayor. *Id.* at 604-05. Under this arrangement, the mayor had the exclusive power to appoint municipal court judges from among the district court judges. *Id.* at 605 (the districting plan established only the relevant pool of judges eligible to serve as part time municipal court judges; under former RCW 3.46.060 the city selected the judges from that pool).

¶12 After *Nollette*, the legislature enacted an additional provision: "[n]otwithstanding RCW 3.46.050 and 3.46.060, judicial positions may be filled only by election . . . ."[3] Former RCW 3.46.063 (1993), *repealed by* Laws of 2008, ch. 227, § 12. This new "only by election" provision irreconcilably conflicted with former RCW 3.46.060's earlier-enacted provision for appointment "by the mayor."[4] The language in former RCW 3.46.063 "[n]otwithstanding . . . 3.46.060" suggests the legislature knew it was creating a conflict. Although repeal by implication is disfavored, we cannot give equal effect to two irreconcilably conflicted provisions. However, we can partially harmonize the statutes by implying a repeal only of the conflicting language.[5]

¶13 Former RCW 3.46.063 does not irreconcilably conflict with all of former RCW 3.46.060. The first clause of former RCW 3.46.060 defines who is eligible to serve as a part time municipal judge: "appointment of part time municipal judges shall be made from the judges of the district." In contrast, former RCW 3.46.063 addresses only the procedure for selecting from among the pool of persons

---

[3] This provision applies by its own terms only to certain part time equivalent and all full time equivalent judicial positions. *See* former RCW 3.46.063 (1993), *repealed by* Laws of 2008, ch. 227, § 12. It is undisputed that Judge Walker was filling a full time equivalent position, and therefore the "only by election" requirement applied to her.

[4] The new provision also clearly conflicted with cities' appointment power in former RCW 3.46.050, but that change is inconsequential here because, as noted, the County had chosen to staff the municipal department under former RCW 3.46.060.

[5] Similarly, where a statute is partially invalid due to unconstitutionality, we sever the invalid clause and give effect to the balance of the statutory language. *See, e.g., State v. Abrams*, 163 Wn.2d 277, 287-88, 178 P.3d 1021 (2008).

eligible to be appointed—but says nothing about who is in that pool. *Cf. State v. Abrams*, 163 Wn.2d 277, 287-88, 178 P.3d 1021 (2008) (distinguishing between substantive and procedural clauses in severance analysis and noting that when this court has found procedural provisions to be unconstitutional, we have severed them and upheld the substantive remainder of the statutes).

¶14 Minus the conflicting procedural clause, the balance of former RCW 3.46.060 can be harmonized with former RCW 3.46.063. By agreement between the City and County, all district court judges were part time judges in the municipal department. Thus, upon the election of district court judges, the municipal court positions were filled "by election," as required by former RCW 3.46.063. That is exactly what happened in Judge Walker's case. She was elected to the district court and, as a consequence of her election, became a part time municipal court judge; no other procedure was required, consistent with former RCW 3.46.063.

¶15 The only remaining question, then, is the effect of former RCW 3.46.070.[6] We read the clause "[o]nly voters of the city shall vote for municipal judges" as applying only to elections for full time municipal judge positions under former RCW 3.46.050, and therefore as not applicable to Judge Walker's election to the district court. This is the only reading of the statute that preserves the integrity of the statutory scheme. By its own terms, former RCW 3.46.070 addresses "election[s] . . . for the position of municipal judge." However, Judge Walker was not running for the position of municipal judge. Limiting the electorate to only city voters makes sense if the position up for election is going to be serving the municipal court full time; it does not make sense if those judges are splitting their time between the district court and the municipal department. Such a

---

[6] The Court of Appeals relied on the assumption that former RCW 3.46.070 applied to Judge Walker's election to hold that she did not have de jure authority as a municipal court judge. *Rothwell*, 141 Wn. App. at 685.

reading would lead to absurd results.[7] No such requirement exists anywhere in the language of former chapter 3.46 RCW. Moreover, such an interpretation would render the first clause of former RCW 3.46.060 meaningless because district court judges serving part time in the municipal department would have had to be elected only by city voters—an impossibility. The Court of Appeals erred in holding that former RCW 3.46.070 applied to Judge Walker's election.

¶16 The defendants alternately argue that the municipal department was invalid because it was not created and maintained properly. This argument is without merit.[8] Moreover, assuming arguendo that the department was a legal nonentity, Judge Walker would have had de jure jurisdiction over these trials in her capacity as a district court judge.[9] *See* RCW 3.66.060(1) ("[t]he district court shall have jurisdiction . . . of all violations of city ordinances").

¶17 Because we hold Judge Walker had de jure authority to preside over the trials here, we need not reach the question of de facto authority.

---

[7] Applying former RCW 3.46.070 to Judge Walker's election leads to two possible, equally absurd results. One is that she would have been eligible to serve only part time in the municipal department if her election had been limited to only city voters—even though she was running for a district-wide position. Or, Judge Walker should have appeared on the same ballot twice, running for positions in the municipal and district courts simultaneously—even though "no person may file for more than one office." RCW 29A.20.021(2).

[8] We have previously recognized that the municipal department was validly created. *See Nollette*, 115 Wn.2d at 602. The absence of a current interlocal agreement and imperfections in the current districting plan do not support the conclusion that the municipal court was invalid.

[9] Amicus Washington State Association of Municipal Attorneys initially raised this argument in its brief to this court, and the City adopted the argument in its supplemental brief. Although we do not normally consider issues not raised below and not raised in the petition for review, in this case the argument is pertinent to the substantive issues raised below and necessary to our rendering a proper decision. *See Bennett v. Hardy*, 113 Wn.2d 912, 918, 784 P.2d 1258 (1990). We note that respondents had ample opportunity to address the argument in both their brief in reply to amicus and their supplemental brief.

The district court's default jurisdiction is not dispositive of the whole case because, as noted *supra*, where a municipal department has been established, it has exclusive jurisdiction of matters arising under city ordinances. Former RCW 3.46.030.

CONCLUSION

¶18 Judge Walker had de jure authority to hear the defendants' cases as a properly elected district court judge and member of the municipal department. Under the City-County agreement, Judge Walker was automatically designated as a member of the municipal department upon her election to the district court. Her appointment as a municipal judge was a direct result of her election and therefore was not inconsistent with former RCW 3.46.063, which required municipal court positions to be filled by election. Judge Walker's election was for a district court office, not full time municipal judge, and therefore her election did not have to be only by city voters under former RCW 3.46.070.

¶19 The Court of Appeals is reversed, and the matter is remanded so that defendants' convictions may be reinstated.

ALEXANDER, C.J., and C. JOHNSON, SANDERS, CHAMBERS, OWENS, FAIRHURST, and STEPHENS, JJ., concur.

MADSEN, J., concurs in result only.