IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MELANIE S. KELLER, | ) | No. 70062-6-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| PROVIDENT FUNDING ASSOCIATES, | ) | UNPUBLISHED OPINION |
| LP; MERS; REGIONAL TRUSTEE | ) | |
| SERVICES CORP; ROBINSON TAIT, | ) | |
| PS; NICOLAS DALUISO; and JOSEPH | ) | |
| TAMI, | ) | |
| Respondents. | ) | FILED: September 8, 2014 |

SCHINDLER, J. — In Bain v. Metropolitan Mortgage Group, Inc., 175 Wn.2d 83,

104, 285 P.3d 34 (2012), the Washington Supreme Court held that under the

"Washington Deeds of Trust Act" (WDTA), chapter 61.24 RCW, the beneficiary in a

nonjudicial foreclosure action must be the actual "holder" of the promissory note.

Because the undisputed record establishes that Provident Funding Associates LP was

the actual holder of the promissory note, we affirm summary judgment dismissal of the

lawsuit.

FACTS

The material facts are not in dispute. On October 9, 2007, Melanie S. Keller

borrowed $160,000 from Provident Funding Associates LP. Keller signed a promissory

note agreeing to pay Provident the principal amount of $160,000 plus interest at a

yearly rate of 6.5 percent. The promissory note required Keller to make monthly payments beginning December 1, 2007. The promissory note was secured by a "Deed of Trust" on her property located at 30476 154th Place Southeast in Kent, Washington. The Deed of Trust names Keller as the borrower, Provident as the lender, First American Title Company as the trustee, and Mortgage Electronic Registration Systems Incorporated (MERS) as the beneficiary.

On October 24, 2007, Federal Home Loan Mortgage Corporation (Freddie Mac) purchased the promissory note from Provident. Provident indorsed the promissory note "in blank" and delivered it to Freddie Mac. Provident remained the servicer for Freddie Mac on the loan.

Beginning in July 2011, Keller stopped making the monthly payments on the promissory note. Freddie Mac authorized Provident to "proceed with foreclosure." Before initiating foreclosure proceedings, Provident obtained possession of the promissory note indorsed in blank by Freddie Mac.

On January 6, 2012, First American Title, the original trustee under the Deed of Trust, recorded an "Assignment of Deed of Trust." The Assignment transfers "all beneficial interest" in the Deed of Trust to Provident.

On March 13, 2012, Joseph Tami on behalf of Provident executed an "Affidavit of Possession of Note" under penalty of perjury. The affidavit states, in pertinent part:

> PROVIDENT FUNDING ASSOCIATES, L.P. is the holder of the
> promissory note made on 10/9/2007 by MELANIE S. KELLER in the
> amount of $160,000.00. PROVIDENT FUNDING ASSOCIATES, L.P. is
> currently in possession of this promissory note.

On May 18, 2012, Provident appointed Regional Trustee Services Corporation as the successor trustee to MERS for the Deed of Trust. The recorded "Appointment of

Successor Trustee" states, in pertinent part, "PROVIDENT FUNDING ASSOCIATES, L.P., who is the present beneficiary, hereby appoints REGIONAL TRUSTEE SERVICES CORPORATION . . . as Successor Trustee under said trust deed." Provident provided the Affidavit of Possession of Note to Regional.

On June 28, Regional served Keller with the "Notice of Trustee's Sale" of the property on September 28, 2012. The Notice states that the sale of the property was to satisfy the obligation secured by the Deed of Trust, but if Keller paid the amount due of $17,407.28 by September 17, the sale would "be discontinued and terminated."

On September 21, Keller filed a complaint against Provident and Regional to "Enjoin Trustee's Sale of Plaintiff's Residence." Keller alleged that either the Assignment of Deed of Trust from MERS to Provident or the Appointment of Successor Trustee was a forgery, and because Provident was not the lawful beneficiary, Provident did not have the authority to appoint Regional as the successor trustee. Keller cited the Washington Supreme Court decision in Bain in support of the allegation that the Assignment of Deed of Trust from MERS to Provident was unlawful. Keller alleged Provident and Regional violated the criminal profiteering act, chapter 9A.82 RCW, by forging documents; violated the Consumer Protection Act (CPA), chapter 19.86 RCW, by engaging in unfair and deceptive acts; and a claim for intentional infliction of emotional distress.

On September 27, 2012, the court denied Keller's motion for a temporary restraining order (TRO) to enjoin the sale of her home. The successor trustee sold Keller's home at public auction to Freddie Mac as the high bidder.

3

Several days later, Freddie Mac contacted Keller in an effort to avoid filing an unlawful detainer action. Keller filed a motion for a TRO to enjoin the eviction. The court denied the motion.

Keller filed an amended complaint naming MERS, Provident assistant vice president Joseph Tami, and the attorney for Provident as additional defendants.

Provident, Regional, MERS, Tami, and the attorney for Provident (collectively Provident) filed a motion for summary judgment dismissal. Provident argued the allegations of forgery were speculative and without merit. Provident asserted that as the holder of the promissory note and the beneficiary under the Washington Deeds of Trust Act (WDTA), chapter 61.24 RCW, it was authorized to appoint the successor trustee and proceed with the nonjudicial foreclosure. Provident also argued that Keller could not establish intentional infliction of emotional distress.

In support of the motion for summary judgment, Provident submitted the declaration of Provident assistant vice president Joseph Tami with a copy of the promissory note, the Assignment of Deed of Trust, and the Appointment of Successor Trustee. In the "Supplemental Sworn Affidavit of Joseph Tami," Tami states, "Provident was the holder of the original note and the beneficiary of the Deed of Trust throughout foreclosure." Provident also submitted the declaration of the assistant vice president of Regional that attached a copy of the Affidavit of Possession of Note.

Keller submitted no evidence in opposition to summary judgment.[1] Keller argued that the promissory note was not "bearer paper" and that "the UCC requires that the

---

[1] Keller submitted a declaration stating that "[e]very fact and opinion stated in my Reply to Defendants' Motion for Summary Judgment is true and correct to the best of my knowledge and belief."

4

Note Holder be the 'owner' of the Note, and Provident has admitted . . . that it is not the owner of the Note." Keller also argued that Provident was not acting as Freddie Mac's agent and was not a proper beneficiary under the WDTA. Keller asserted Regional did not comply with the statute requiring proof that the beneficiary is the owner of the promissory note secured by the Deed of Trust. Keller also asserted that because Regional knew or should have known Provident was not the owner of the promissory note, Regional was not authorized to act as the successor trustee.

The court granted the motion for summary judgment dismissal of the lawsuit. The order states, in pertinent part:

1. Plaintiff has failed to raise a genuine issue of material fact as to her first cause of action for criminal profiteering and lacks standing to challenge allegedly forged documents.
2. Plaintiff has failed to raise a genuine issue of material fact as to her second cause of action for Violation of RCW 19.86 because Provident, as the holder of the Note as provided in RCW 62A.3-301, and as beneficiary under RCW 61.24.005, was entitled to enforce the security interest in a non-judicial foreclosure.
3. Plaintiff has failed to raise a genuine issue of material fact as to her third cause of action for Intentional Infliction of Emotional Distress because plaintiff's failure to meet her monthly mortgage obligations gave rise to the non-judicial foreclosure action, and she failed to demonstrate conduct on the part of the defendants that would cause emotional distress.

Keller appeals.

## ANALYSIS

Keller contends Provident had no authority to appoint Regional as the successor trustee. Keller argues that Provident was neither the "holder" of the promissory note nor the "beneficiary" under the WDTA. Keller argues only the "owner" of the promissory

note may be a beneficiary or a holder of the note under the WDTA.[2] Keller contends only Freddie Mac was entitled to proceed with the nonjudicial foreclose under the WDTA, and Regional violated the statutory requirement to obtain proof that the beneficiary was the owner of the promissory note.

Provident asserts the court may affirm on two independent grounds. First, that Provident was the actual holder of the promissory note under the UCC. Second, that Provident was the beneficiary under RCW 61.24.005(2). The dispositive question is whether Provident had the authority to proceed with the nonjudicial foreclosure under the WDTA.

We review summary judgment de novo. Hartley v. State, 103 Wn .2d 768, 774, 698 P.2d 77 (1985). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. CR 56(c). If the defendant shows an absence of evidence to establish the plaintiff's case, the burden then shifts to the plaintiff to set forth specific facts showing a genuine issue of material fact for trial. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

Interpretation of a statute is also a question of law that we review de novo. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Our objective is to carry out the legislature's intent. Arborwood Idaho, L.L.C. v. City of Kennewick, 151 Wn.2d 359, 367, 89 P.3d 217 (2004). "The 'plain meaning' of a statutory provision is to be discerned from the ordinary meaning of the language at issue, as well as from the context of the statute in which that provision is found, the

[2] Keller does not specifically address the elements of the three claims alleged in her complaint: criminal profiteering, violation of the CPA, and intentional infliction of emotional distress.

related provisions, and the statutory scheme as a whole." City of Spokane v. Rothwell, 166 Wn.2d 872, 876-77, 215 P.3d 162 (2009). "In general, words are given their ordinary meaning, but when technical terms and terms of art are used, we give these terms their technical meaning." Swinomish Indian Tribal Cmty. v. Dep't of Ecology, 178 Wn.2d 571, 581-82, 311 P.3d 6 (2013).

Under the WDTA, "only a proper beneficiary has the power to appoint a successor to the original trustee named in the deed of trust," and "only a properly appointed trustee may conduct a nonjudicial foreclosure." Bavand v. OneWest Bank, FSB, 176 Wn. App. 475, 486, 309 P.3d 636 (2013). RCW 61.24.005(2) defines "beneficiary" as "the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation."

Keller argues that Provident was not the "holder" of the promissory note because it did not have legal "possession" of the note. Keller contends under the WDTA, "holder" means "owner."

In Bain, the Washington Supreme Court held the definition of "holder" under the WDTA "should be guided by" the UCC definition. Bain, 175 Wn.2d at 104. The UCC defines "holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." RCW 62A.1-201(21)(A).

A promissory note is a negotiable instrument governed by article 3 of the UCC. RCW 62A.3-102. A note may be transferred (in the UCC's terms, "negotiated") to another person by indorsing it in blank and delivering it to another person. RCW 62A.3-

7

205(b);[3] see also RCW 62A.3-201(b) (providing that if an instrument is payable to bearer, the instrument may be negotiated by "transfer of possession alone").

Article 3 of the UCC, specifically section 3-301, governs who is entitled to enforce the promissory note. Section 3-301 of the UCC also defines "person entitled to enforce" an instrument. RCW 62A.3-301 provides:

> "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW 62A.3-309 or 62A.3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

As we held in Trujillo v. Northwest Trustee Services, Inc., ___ Wn. App. ___, 326 P.3d 768 (2014), the UCC specifically contemplates that the holder of a promissory note may be someone other than the owner. Trujillo, 326 P.3d at 774. "The UCC does, however, make clear that the 'person entitled to enforce' a note is not synonymous with the 'owner' of the note." Trujillo, 326 P.3d at 774. We concluded that "the legislature intended the words 'owner' and 'holder' to mean different things. Indeed, . . . the UCC states that these terms are not synonymous." Trujillo, 326 P.3d at 775.

Keller relies on article 9 of the UCC, specifically RCW 62A.9A-313, to argue that because Freddie Mac owned the promissory note and Provident had only temporary custody, Provident was not the holder of the note. We considered and rejected the

---

[3] RCW 62A.3-205(b) states:
If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

same argument in Trujillo. UCC section 9-313

> has nothing to do with the nonjudicial foreclosure proceeding . . . . Rather, the security interest underlying the foreclosure proceeding is the lien created by the deed of trust in the real property securing the note that is in the possession of [the defendant]. Thus, UCC § 9-313, which is concerned with security interests in notes, has no bearing on this case.

Trujillo, 326 P.3d at 777. The comments to RCW 62A.9A-313 also explicitly state, "This

section does not define 'possession.' " RCW 62A.9A-313 cmt. 3.

Here, the undisputed evidence establishes Provident was the holder of the

promissory note. Provident had actual physical possession of the promissory note and

because it was indorsed in blank, the note was payable to bearer.[4] See Trujillo, 326

P.3d at 774. Accordingly, Provident had the authority to appoint Regional as the

successor trustee under the WDTA.

Because Provident was the actual holder of the promissory note and proof of

ownership is not required under RCW 61.24.030(7)(a), we reject Keller's argument that

Regional violated its duty to act in good faith under RCW 61.24.010(4).

Keller also argues that the "beneficiary" under the WDTA must be both the holder

and the owner of the promissory note. RCW 61.24.030(7)(a) provides:

> That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection.[5]

Keller relies on the first sentence of RCW 61.24.030(7)(a) to argue that the

"beneficiary" must be the "owner" of the note. Keller asserts that because Provident is

---

[4] A note is payable to bearer if it is "indorsed in blank." RCW 62A.3-205(b).

[5] Emphasis added.

not the owner of the note, it did not have the authority to appoint Regional as the successor trustee and commence the foreclosure action. Keller also asserts that without proof that Provident was the owner of the note, Regional breached the duty of good faith under RCW 61.24.010(4).[6]

Provident relies on the second sentence of RCW 61.24.030(7)(a) to argue that a declaration establishing the beneficiary is the actual holder of the note meets the requirements of the statute. Provident also points to the language of RCW 61.24.005(2) that defines the "beneficiary" as the "holder."

In Trujillo, we addressed the meaning of RCW 61.24.030(7) and concluded the holder is entitled to enforce the promissory note under the WDTA:

> We have no reason to conclude that the legislature intended to depart from either the common law, as articulated in John Davis[ & Co. v. Ceder Glen No. Four, Inc., 75 Wn.2d 214, 450 P.2d 166 (1969)], or the UCC, as articulated in RCW 62A.3-301, in enacting RCW 61.24.030(7)(a) regarding proof of who is entitled to enforce a note that is secured by a deed of trust. The language of the first sentence of RCW 61.24.030(7)(a) could have more clearly stated that a beneficiary who is the owner of a note is not always the holder of the note. The holder is entitled to enforce it. Better still, the legislature could have eliminated any reference to "owner" of the note in this provision because it is the "holder" of the note who is entitled to enforce it, regardless of ownership.
> Nevertheless, when we consider the second sentence of this statute, specifying that the beneficiary must be the holder of the note for purposes of proof, together with the case authority and other related statutes we have discussed, we must conclude that the required proof is that the beneficiary must be the holder of the note. It need not show that it is the owner of the note.

Trujillo, 326 P.3d at 776.

---

[6] Keller cites a number of other statutory provisions in the WDTA to argue that the legislature intended the terms "beneficiary," "owner," and "holder" to refer to the same person. We addressed the same argument and statutory provisions in Trujillo. See Trujillo, 326 P.3d at 780.

We affirm.[7]

WE CONCUR:

---

[7] For the first time at oral argument, Keller's attorney claimed the notice of default violated the requirements of RCW 61.24.030(8)(l) and Schroeder v. Excelsior Management Group, LLC, 177 Wn.2d 94, 114, 297 P.3d 677 (2013). We do not consider arguments made for the first time at oral argument. RAP 9.12; State v. Johnson, 119 Wn.2d 167, 170-71, 829 P.2d 1082 (1992) (argument raised for first time at oral argument is not properly before the court and need not be considered). Keller also filed a supplemental statement of additional authorities citing a number of cases. We addressed the same cases in Trujillo. See Trujillo, 326 P.3d at 781. For the first time, Keller also provided a transcript of the TRO hearing and additional argument. Provident filed a response and Keller filed an objection to the response. Under the Rules of Appellate Procedure, we do not consider the additional arguments of either Keller or Provident. RAP 10.8. For the first time in the supplemental statement of additional authorities, Keller also cites Lucero v. Cenlar FSB, Northwest Trustee Services, Inc., No. C13-0602-RSL (W.D. Wash. July 1, 2014), to argue that an attorney's concurrent representation of both a trustee and loan servicer may constitute unfair conduct in violation of the CPA. Keller may not raise a new argument for the first time in a statement of additional authorities. RAP 10.8.