# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| COMMUNITY TREASURES d/b/a/ CONSIGNMENT TREASURES, a Washington not for profit corporation and JOHN EVANS, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | No. 74738-0-I<br><br>DIVISION ONE |
| Appellants, | ) ) | |
| BONITA BLAISDELL, | ) ) | |
| Plaintiff, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) ) | |
| SAN JUAN COUNTY, a political subdivision of the State of Washington, | ) ) ) | |
| Respondent. | ) | FILED: April 3, 2017 |

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2017 APR -3 AM 10: 45

SCHINDLER, J. — John Evans and Community Treasures filed a class action lawsuit against San Juan County. The lawsuit alleged imposition of building permit application fees violated RCW 82.02.020. The court dismissed the lawsuit for failure to comply with the mandatory requirements of the Land Use Petition Act, chapter 36.70C RCW. We affirm.

## Project Permit Applications

The facts are not in dispute. Under the San Juan County Code (SJCC), a completed project permit application must include "[t]he applicable fee." SJCC

18.80.020(C)(4). The San Juan County Council establishes land use and building permit fees by ordinance.[1]

On April 12, 2012, John Evans submitted an application for a building permit to construct a 20-foot by 50-foot "agricultural equipment and hay storage building" on his property on Orcas Island. Evans paid the building permit fee of $105. On April 25, San Juan County issued the permit.

The F. & P. Penwell Trust (Trust) owns a six-acre parcel in Friday Harbor. Frank and Patricia Penwell (Penwell) are the trustees. Frank is also the president of a nonprofit corporation, Community Treasures. The Trust leases the six-acre parcel to Community Treasures. Community Treasures operates a "recycling and thrift store facility" on the property. On September 12, 2013, Penwell submitted three building permit applications on behalf of the Trust. One application is for a building permit to construct "2 shed roof additions" to an existing building on the six-acre parcel. Penwell paid $753.60 as part of the application. On February 26, 2014, San Juan County issued the permit. The other two applications sought to change the use of existing buildings "to retail." Penwell paid a permit fee of $109.50 for each of the applications. On November 22, 2013, San Juan County issued the permits.

Neither Evans nor Community Treasures filed an administrative appeal challenging the imposition of the permit fees for the applications.

Class Action Lawsuit

On March 18, 2015, Evans and Community Treasures (collectively, Evans) filed a class action lawsuit "on behalf of all entities who paid monies to San Juan County for

---

[1] San Juan County Ordinance 14-2013 (Sept. 10, 2013); see also San Juan County Ordinance 28-2011 (Nov. 29, 2011); San Juan County Ordinance 34-2010 (Dec. 7, 2010).

the consideration of land use and building permits or modifications or renewals" against San Juan County. Evans alleged the building permit fees exceeded the "reasonable costs attributed to the processing of land use permit applications, inspecting permitted work, or reviewing plans" in violation of RCW 82.02.020. Evans sought damages and a judgment against San Juan County for "permit fees that were collected in excess of those allowed by RCW 82.02.020."

San Juan County filed a motion for judgment on the pleadings.[2] San Juan County asserted the Land Use Petition Act (LUPA), chapter 36.70C RCW, is the exclusive means for judicial review of the claims alleged in the class action lawsuit. San Juan County argued that because the fees were part of the project permit application, LUPA applied. The court ruled LUPA "applies to the claims for refund of application fees allegedly paid by Plaintiffs as set forth in the First Amended Complaint." Because Evans did not comply with the LUPA requirement to exhaust administrative remedies or file a complaint within 21 days of the land use decision, the court dismissed the lawsuit. Evans appeals.

Land Use Decision

Evans contends imposition of the building permit fees is not a land use decision under LUPA.

LUPA is the "exclusive means of judicial review of land use decisions." RCW 36.70C.030(1). LUPA applies to ministerial land use decisions. Chelan County v. Nykreim, 146 Wn.2d 904, 927, 52 P.3d 1 (2002). The Washington Supreme Court requires "parties to strictly adhere to the procedural requirements" of LUPA. Durland v. San Juan County, 182 Wn.2d 55, 67, 340 P.3d 191 (2014). But LUPA applies "only to

---

[2] Therefore, the court did not rule on the pending motion to certify a class.

actions that fall within the statutory definition of a land use decision." Post v. City of Tacoma, 167 Wn.2d 300, 309, 217 P.3d 1179 (2009).

We interpret statutes de novo. W. Plaza, LLC v. Tison, 184 Wn.2d 702, 707, 364 P.3d 76 (2015).[3] Our objective is to ascertain and give effect to the legislature's intent. City of Spokane v. Rothwell, 166 Wn.2d 872, 876, 215 P.3d 162 (2009). Statutory interpretation begins with the plain language of the statute. Nat'l Elec. Contractors Ass'n, Cascade Chapter v. Riveland, 138 Wn.2d 9, 19, 978 P.2d 481 (1999); Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). We "construe statutes such that all of the language is given effect." Rest. Dev., Inc. v. Cananwill, Inc., 150 Wn.2d 674, 682, 80 P.3d 598 (2003). If the plain language is subject to only one interpretation, our inquiry is at an end. Lake, 169 Wn.2d at 526. We interpret a county ordinance according to the same rules of statutory interpretation. Ellensburg Cement Prods., Inc., v. Kittitas County, 179 Wn.2d 737, 743, 317 P.3d 1037 (2014).

RCW 36.70C.020(2) defines a "land use decision" as follows:

> "Land use decision" means a final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination, including those with authority to hear appeals, on:
> (a) An application for a project permit or other governmental approval required by law before real property may be improved, developed, modified, sold, transferred, or used.

Evans does not dispute there is a final decision on the building project permits. Evans claims the building permit fee does not constitute a determination on " '[a]n application for a project permit.' "[4] We disagree. RCW 36.70C.020(2)(a)

---

[3] We also review the trial court's ruling on a motion under CR 12(c) de novo. P.E. Sys., LLC v. CPI Corp., 176 Wn.2d 198, 203, 289 P.3d 638 (2012).

[4] Emphasis omitted, alteration in original, quoting RCW 36.70C.020(2)(a).

4

unambiguously defines a "land use decision" as a final determination on an "application for a project permit." SJCC 18.80.020 governs project permit applications. The plain and unambiguous language of SJCC 18.80.020(C)(1) and (4) states a completed application shall include the applicable permit fee. SJCC 18.80.020 states, in pertinent part:

> **18.80.020 Project permit applications - Procedures.**
>
> . . . .
>
> C. Project Permit Application - Forms. Applications for project permits shall be submitted on forms approved by the director. An application must (1) consist of all materials required by the applicable development regulations; (2) be accompanied by plans and appropriate narrative and descriptive information sufficiently detailed to clearly define the proposed project and demonstrate compliance with applicable provisions of this code; and (3) except for project permit applications for temporary uses, include the following:
>
> 1. A completed project permit application form;
>
> . . . .
>
> 4. The applicable fee.

Because the fee is a mandatory requirement for a completed project permit application, LUPA applies to a challenge to the building permit application fees.

Under LUPA, the petitioner must exhaust all available administrative remedies and file an appeal in superior court within 21 days of the final decision. RCW 36.70C.020(2), .040(3), .060(2)(d); New Cingular Wireless PCS, LLC v. City of Clyde Hill, 185 Wn.2d 594, 602, 374 P.3d 151 (2016). Evans concedes he did not comply with the procedural requirements of LUPA and exhaust administrative remedies or file the lawsuit within 21 days but argues an exception to LUPA applies.

LUPA Exception

Evans argues that even if the application fee is a "land use decision," under RCW 82.02.020 and <u>Home Builders Ass'n of Kitsap County v. City of Bainbridge Island</u>, 137 Wn. App. 338, 153 P.3d 231 (2007), the statutory LUPA exception for "[c]laims provided by any law for monetary damages or compensation" applies. RCW 36.70C.030(1)(c).[5]

RCW 82.02.020 prohibits the imposition of any direct or indirect fee on construction. But the statute expressly states counties are not prohibited from imposing reasonable fees for building permit applications. RCW 82.02.020 states, in pertinent part:

> Except as provided in RCW 64.34.440 and 82.02.050 through 82.02.090, no county, city, town, or other municipal corporation shall impose any tax, fee, or charge, either direct or indirect, on the construction or reconstruction of residential buildings, commercial buildings, industrial buildings, or on any other building or building space or appurtenance thereto, or on the development, subdivision, classification, or reclassification of land. However, this section does not preclude dedications of land or easements within the proposed development or plat which the county, city, town, or other municipal corporation can demonstrate are reasonably necessary as a direct result of the proposed development or plat to which the dedication of land or easement is to apply.
> . . . .
> <u>Nothing in this section prohibits cities, towns, counties, or other municipal corporations from collecting reasonable fees from an applicant for a permit or other governmental approval to cover the cost to the city, town, county, or other municipal corporation of processing applications,</u>

---

[5] RCW 36.70C.030(1)(c) states, in pertinent part:
This chapter replaces the writ of certiorari for appeal of land use decisions and shall be the exclusive means of judicial review of land use decisions, <u>except that this chapter does not apply to</u>:
. . . .
   (c) <u>Claims provided by any law for monetary damages or compensation.</u> If one or more claims for damages or compensation are set forth in the same complaint with a land use petition brought under this chapter, the claims are not subject to the procedures and standards, including deadlines, provided in this chapter for review of the petition.
(Emphasis added.)

6

> inspecting and reviewing plans, or preparing detailed statements required by chapter 43.21C RCW.[6]

The complaint alleges that as in the class action lawsuit in Home Builders, the building permit application fees San Juan County collected in 2014, 2013, and 2012 exceeded expenses in violation of RCW 82.02.020. The class action complaint states, in pertinent part:

> Washington Courts have had opportunity to examine the application and meaning of RCW 82.02.020. The leading case interpreting the meaning of this statute and a case squarely on all fours with the situation in San Juan County is Home Builders Association of Kitsap County v. City of Bainbridge Island, 137 Wn.App. 338 (2007). There, like here, a class alleged that the municipality had overcharged for fees associated with building permits.

Home Builders does not support Evans' argument. In Home Builders, the Home Builders Association of Kitsap County and several other entities (collectively, Home Builders) filed a class action lawsuit against the city of Bainbridge Island (City) challenging the City's adoption of a resolution establishing building fees. Home Builders, 137 Wn. App. at 342-43. Home Builders alleged the City "raised the fees for a purpose other than processing building permits" in violation of RCW 82.02.020. Home Builders, 137 Wn. App. at 343. At the conclusion of trial, the court found the fees were reasonable and dismissed the lawsuit. Home Builders, 137 Wn. App. at 344. We reversed. Home Builders, 137 Wn. App. at 352. We held the City had the burden to show the building permit fees were reasonable under RCW 82.02.020. Home Builders, 137 Wn. App. at 348. We also rejected the determination that "general accounting and cost allocation principles and the City's costs of regulation" was the proper basis to

---

[6] Emphasis added.

determine the reasonableness of the City's permit fees. Home Builders, 137 Wn. App. at 350.

Here, unlike in Home Builders, the class action lawsuit does not challenge the legislative ordinance establishing building permit fees. The lawsuit challenges the payment of the fees that are imposed for a completed project permit application.[7]

Public Policy

Evans claims that even if the payment of fees for a building permit application is governed by LUPA, a building permit applicant has no recourse to challenge an overcharge of the fee. We disagree. Under the SJCC, building permit applicants have the right to appeal a decision on a building permit application to the hearing examiner. SJCC 18.80.140(B)(11).[8]

We affirm dismissal of the class action lawsuit.

WE CONCUR:

_____

_____Trickey, A&J_____            _____Cox, J._____

---

[7] The other cases Evans cites are also inapposite. See Lakey v. Puget Sound Energy, Inc., 176 Wn.2d 909, 926, 296 P.3d 860 (2013) (inverse condemnation claim); Woods View II, LLC v. Kitsap County, 188 Wn. App. 1, 25, 352 P.3d 807 (2015) (damages caused by delay in issuing permit).

[8] SJCC 18.80.140(B) states, in pertinent part:

Open-Record Appeals. The San Juan County hearing examiner has authority to conduct open-record appeal hearings of the following decisions by the director and/or responsible official, and to affirm, reverse, modify, or remand the decision that is on appeal:

. . . .

11. Development permits issued or approved by the director.